**UNITED STATES of America, Appellee,**

v.

**Elroy Lee LITCHFIELD, Defendant–Appellant.**

**No. 850, Docket 92–1517.**

United States Court of Appeals, Second Circuit.

Argued Feb. 12, 1993.

Decided Feb. 16, 1993.

---

William B. Darrow, Asst. U.S. Atty., Burlington, VT (Charles A. Caruso, U.S. Atty. for the D. of Vt., David V. Kirby, Asst. U.S. Atty., Burlington, VT, on the brief), for appellee.

Matt Harnett, Rutland, VT (Lorentz, Lorentz & Harnett, Rutland, VT, on the brief), for defendant-appellant.

Before: OAKES, KEARSE, and PIERCE, Circuit Judges.

PER CURIAM:

■ Defendant Elroy Lee Litchfield appeals from a judgment entered in the United States District Court for the District of Vermont following his plea of guilty before Franklin S. Billings, Jr., *Judge*, convicting him of possessing an unregistered firearm, in violation of 26 U.S.C. § 5861(d) (1988). He was sentenced principally to 48 months' imprisonment, to be followed by a three-year term of supervised release. In calculating this sentence under the November 1, 1989 version of the federal Sentencing Guidelines ("1989 Guidelines"), which was applicable to Litchfield, the court enhanced Litchfield's base offense level by two levels pursuant to § 2K2.1(b)(2) on the ground that the firearm was stolen. On appeal, Litchfield contends that this enhancement was impermissible under the "rule of lenity" in the absence of a finding that he knew the firearm was stolen. We disagree and affirm the judgment.

■ The rule of lenity serves to aid the court in interpreting a criminal statute only if there is an ambiguity. *See, e.g., Moskal v. United States*, 498 U.S. 103, 107–08, 111 S.Ct. 461, 465, 112 L.Ed.2d 449 (1990); *Bifulco v. United States*, 447 U.S. 381, 387, 100 S.Ct. 2247, 2252, 65 L.Ed.2d 205 (1980); *Lewis v. United States*, 445 U.S. 55, 65, 100 S.Ct. 915, 920, 63 L.Ed.2d 198 (1980). It "'comes into operation at the end of the process of construing what Congress has expressed, not at the beginning as an overriding consideration of being lenient to wrongdoers.'" *United States v. Turkette*, 452 U.S. 576, 587 n. 10, 101 S.Ct. 2524, 2531 n. 10, 69 L.Ed.2d 246 (1981) (quoting *Callanan v. United States*, 364 U.S. 587, 596, 81 S.Ct. 321, 326, 5 L.Ed.2d 312 (1961)); *see id.* (rule of lenity used only to resolve an ambiguity, "not to ... beget one"); *Russello v. United States*, 464 U.S. 16, 29, 104 S.Ct. 296, 303, 78 L.Ed.2d 17 (1983). The rule of lenity is not used to narrow a statute that has an unambiguously broad thrust. *See, e.g., United States v. Moore*, 423 U.S. 122, 145, 96 S.Ct. 335, 346, 46 L.Ed.2d 333 (1975). Where statutory and regulatory provisions unambiguously cover the defendant's conduct, the rule does not come into play. *See, e.g., United States v. Singleton*, 946 F.2d 23, 25 (5th Cir.1991) ("rule of lenity will not help a defendant when the statutory drafters intentionally have imposed strict liability"), *cert. denied,* — U.S. ——, 112 S.Ct. 1231, 117 L.Ed.2d 465 (1992). Several factors persuade us that the rule of lenity has no application here.

First, the language of § 2K2.1(b)(2), which applied to firearms possession offenses including violation of § 5861(d), was not ambiguous. It directed the sentencing court, after determining the defendant's base offense level, to add the following enhancement:

If the firearm was stolen or had an altered or obliterated serial number, increase by 2 levels.

1989 Guidelines § 2K2.1(b)(2). Thus, the section, to the extent pertinent here, focused solely on whether or not the firearm was stolen; it contained no semblance of a suggestion that its applicability depended on whether the defendant knew the firearm was stolen. Nor is it likely that the Sentencing Commission intended a knowledge requirement to be inferred, for in order to include such a requirement in other sections of the Guidelines, the Commission used language expressly making the section's applicability depend on the state of the defendant's knowledge. *See, e.g.,* 1989 Guidelines § 2K1.3(b)(2) (six-level increase if offense involved "explosives that the defendant knew or had reason to believe were stolen"); *id.* § 2S1.2(b)(1)(B) (two-level increase if defendant "knew that the funds [involved in prohibited transaction] were the proceeds" of certain unlawful activity); *id.* § 3A1.1 (two-level increase if defendant "knew or should have known that a victim of the offense was unusually vulnerable").

Further, the history of § 2K2.1(b)(2) suggests that the omission of a knowledge requirement was deliberate. The 1989 version of § 2K2.1 was adopted as part of an amendment and realignment of several subsections of § 2K2. Prior to 1989, § 2K2.1 governed possession of firearms in violation of 18 U.S.C. §§ 922(a)(6), (g), and (h); possession or transport of firearms in violation of 26 U.S.C. § 5861 was governed by Guidelines § 2K2.2. *See* November 1, 1987 Guidelines ("1987 Guidelines") §§ 2K2.1 and 2K2.2. In the 1987 Guidelines, both § 2K2.1 and § 2K2.2 directed a stolen-weapon enhancement without any indication that proof of knowledge was required. *See* 1987 Guidelines §§ 2K2.1(b)(1) and 2K2.2(b)(1) ("If the firearm was stolen or had an altered or obliterated serial number, increase by 1 level."). At the same time, unlawful transactions in or shipment of firearms was governed by 1987 Guidelines § 2K2.3, and that section, in contrast, required an increase in offense level if the defendant "knew or·had reason to believe that a firearm was stolen." 1987 Guidelines § 2K2.3(b)(2)(C). In the 1989 amendments to the Guidelines, all of the possession offenses were placed under § 2K2.1, which, as indicated above, had never had a knowledge requirement; trafficking offenses were placed under § 2K2.2, and the knowledge requirement previously specified in § 2K2.3 was eliminated. *See* Guidelines Amendment 189.

In sum, the language of 1989 Guidelines § 2K2.1(b)(2) was not ambiguous and did not contain a knowledge requirement, and the evolution of § 2K2 indicates that the omission of any such requirement was intentional. We conclude that there is no ambiguity and that the rule of lenity has no applicability.

We note also that, so far as we are aware, all of the other Circuits that have addressed the question of whether the enhancement at issue here is to be applied without proof that the defendant knew the firearm was stolen have arrived at the conclusion we reach here, that such proof is not required. *See, e.g., United States v. Taylor,* 937 F.2d 676, 682 (D.C.Cir.1991) (construing 1989 Guidelines § 2K2.1(b)(2)); *United States v. Peoples,* 904 F.2d 23, 25 (9th Cir.1990) (per curiam) (same); *United States v. Singleton,* 946 F.2d at 25 (construing 1987 Guidelines § 2K2.1(b)(1)); *United States v. Anderson,* 886 F.2d 215, 216 (8th Cir.1989) (per curiam) (same); *United States v. Mobley,* 956 F.2d 450, 459 (3d Cir.1992) (construing 1990 version of Guidelines § 2K2.1(b)(2), which was identical to the 1989 provision).

We have considered all of Litchfield's arguments on this appeal and have found them to be without merit.

The judgment of conviction is affirmed.