2 F.3d 1153
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Delvertus DUKE, Defendant-Appellant.
 No. 92-2549.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 20, 1993.*
Decided Aug. 5, 1993.
 
 Before CUMMINGS, COFFEY and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Delvertus Duke pled guilty to distributing cocaine in violation of 21 U.S.C. Sec. 841(a)(1), and to being a felon in possession of a firearm in violation of 18 U.S.C. Sec. 922(g)(1), and was sentenced to a thirty-five month term of imprisonment. Duke raises one challenge to his sentence. We affirm.
 
 
 2
 Duke argues that the district judge erred in enhancing his base offense level by two points under U.S.S.G. Sec. 2K2.1(b)(2) (1990) for possessing a stolen firearm because he had no knowledge that the weapon was stolen.[1] He also argues that the district judge's application of Sec. 2K2.1(b)(2) violated his due process rights in the absence of a knowledge requirement.
 
 
 3
 United States v. Schnell, 982 F.2d 216 (7th Cir.1992), forecloses Duke's arguments. Schnell holds that the enhancement for possession of a stolen firearm does not contain a knowledge requirement, and the omission of any such requirement does not run afoul of the Constitution. Id. at 220-22. See also United States v. Sanders, 990 F.2d 582 (10th Cir.1993); United States v. Goodell, 990 F.2d 497 (9th Cir.1993); United States v. Litchfield, 986 F.2d 21 (2d Cir.1993); United States v. Hernandez, 972 F.2d 885 (8th Cir.1992), cert. denied, 113 S.Ct. 1287 (1993); United States v. Mobley, 956 F.2d 450 (3d Cir.1992); United States v. Singleton, 946 F.2d 23 (5th Cir.), cert. denied, 112 S.Ct. 1231 (1991). In light of this holding, we conclude that the enhancement under Sec. 2K2.1(b)(2) was proper. Duke's sentence is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 On November 1, 1991, the enhancement for a stolen firearm was set forth in Sec. 2K2.1(b)(4). Although Duke was sentenced after that date, the district judge applied the version of the enhancement in effect on November 1, 1990, presumably to avoid ex post facto concerns. Whether the district judge erred in using the 1990 version is an issue we need not reach given the government's failure to raise it on appeal. See United States v. Schnell, 982 F.2d 216, 218-19 (7th Cir.1992)