**UNITED STATES of America, Appellee,**

**v.**

**Henry GRIFFITHS, Defendant–Appellant.**

**430, Docket 94–1077.**

United States Court of Appeals,
Second Circuit.

Argued Dec. 1, 1994.

Decided Dec. 2, 1994.

Marilyn S. Reader, Larchmont, NY, for defendant-appellant.

Peter T. Gelfman, Asst. U.S. Atty. for the S.D.N.Y., New York City (Mary Jo White, U.S. Atty. for the S.D.N.Y., Ira M. Feinberg, Asst. U.S. Atty. for the S.D.N.Y., New York City, of counsel), for appellee.

Before: MAHONEY, MCLAUGHLIN, and HEANEY,* Circuit Judges.

PER CURIAM:

Defendant-appellant Henry Griffiths appeals from a judgment entered February 10, 1994 in the United States District Court for the Southern District of New York, Charles L. Brieant, *Judge,* that convicted Griffiths, following a jury trial, of possessing a firearm as an illegal alien in violation of 18 U.S.C. § 922(g)(5).

Griffiths poses a number of challenges to his conviction and sentence, most of which we reject by an unpublished order that is filed contemporaneously with this opinion. We publish this opinion, however, to resolve an open question in this circuit, one that has been determined uniformly in several other circuits. Specifically, Griffiths challenges the district court's two-level enhancement to his base offense level for possession of a stolen gun pursuant to USSG § 2K2.1(b)(4). He contends that § 2K2.1(b)(4) was unconstitutionally applied to him because no proof was required that he knew or had reason to believe that the gun was stolen, resulting in the imposition of strict liability. *See* USSG § 2K2.1, comment. (n. 19) (directing that en-

hancement be applied "whether or not the defendant knew or had reason to believe that the firearm was stolen").

Griffiths points to subdivisions (i) and (j) of 18 U.S.C. § 922, which generally criminalize the possession of a stolen firearm in interstate commerce, and require scienter ("knowing or having reasonable cause to believe that the firearm ... was stolen") for conviction. He argues that "[i]t is Kafkaesque for the Sentencing Guidelines to empower a trial court to punish a defendant post conviction for conduct the defendant could not be convicted of in the first place."

Several circuits disagree, and have rejected similar constitutional challenges to this guideline provision. *See United States v. Richardson,* 8 F.3d 769, 770 (11th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1321, 127 L.Ed.2d 670 (1994); *United States v. Sanders,* 990 F.2d 582, 584 (10th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 216, 126 L.Ed.2d 172 (1993); *United States v. Goodell,* 990 F.2d 497, 498–500 (9th Cir.1993); *United States v. Mobley,* 956 F.2d 450, 454–49 (3d Cir.1992); *United States v. Singleton,* 946 F.2d 23, 25–27 (5th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1231, 117 L.Ed.2d 465 (1992). A distinction is drawn between strict liability crimes and strict liability enhancements. *See Sanders,* 990 F.2d at 584; *Singleton,* 946 F.2d at 26. Further, the government has a legitimate interest in punishing possession of a stolen firearm and placing the burden upon one who receives a firearm to ensure that the possession is lawful. *See Mobley,* 956 F.2d at 456.

*Goodell* also noted that the enhancement does not alter the statutory maximum penalty, negate the presumption of innocence or alter the burden of proof for the underlying offense, or create a separate offense calling for a separate penalty. *See* 990 F.2d at 500. Considering the last factor, the court noted that the potential size of the sentence is not radically altered, and that whether a firearm is stolen has traditionally been considered by sentencing courts. *Id.* at 500–01.

In *United States v. Litchfield,* 986 F.2d 21, 22–23 (2d Cir.1993) (*per curiam*), we held

---

* The Hon. Gerald W. Heaney, of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

that § 2K2.1(b)(4) plainly does not contain a scienter requirement,[1] without explicitly reaching the constitutional question. *See also United States v. Taylor,* 937 F.2d 676, 681 (D.C.Cir.1991) (similarly finding no scienter requirement without explicitly reaching constitutional question). We now explicitly hold that § 2K2.1(b)(4), as construed in § 2K2.1, comment. (n. 19), does not violate the due process clause for the reasons stated in *Goodell* and the other decisions that have addressed this issue. The government reasonably may determine that stolen firearms often end up in the hands of criminals, thus warranting a rule that imposes on the recipient of a firearm the burden of ensuring that the firearm is not stolen. In addition, the enhancement, which traditionally has been considered by sentencing courts, does not create a separate substantive offense calling for a separate penalty.

Accordingly, in conjunction with our unpublished order filed contemporaneously herewith, we affirm the judgment of the district court. Griffiths' *pro se* motion for release on bail pending appeal is denied as moot.

1. *Litchfield* addressed a prior version of the Guidelines under which present § 2K2.1(b)(4) was set forth in a different subsection of § 2K2.1(b).