UNITED STATES of America, Appellee,

v.

Todd WILLIAMS, Defendant–Appellant.

No. 1024, Docket 94–1444.

United States Court of Appeals, Second Circuit.

Submitted March 6, 1995.

Decided March 8, 1995.

John P. Cooney, Jr., New York City (Joseph F. Warganz, New York City, of counsel), for defendant-appellant.

Cathy Seibel, Asst. U. S. Atty. for the S.D.N.Y., New York City (Mary Jo White, U.S. Atty. for the S.D.N.Y., Nancy J. Northup, Asst. U.S. Atty. for the S.D.N.Y., New York City, of counsel), for appellee.

Before MAHONEY, WALKER and CALABRESI, Circuit Judges.

PER CURIAM:

Todd Williams appeals from a judgment entered August 19, 1994 in the United States District Court for the Southern District of New York, Loretta A. Preska, *Judge,* that convicted him, following his guilty plea, of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Williams was sentenced principally to a prison term of sixty-three months.

Williams contends that the district court improperly enhanced his offense level by two levels pursuant to USSG § 2K2.1(b)(4), which requires that enhancement "[i]f any firearm was stolen, or had an altered or obliterated serial number." The weapon that Williams was carrying had an obliterated serial number. Williams contended, and the district court accepted, that he was not aware of that condition. Williams argues that the guideline impermissibly imposes strict liability. *See* USSG § 2K2.1, comment. (n. 19) (directing that enhancement be applied "whether or not the defendant knew or had reason to believe that the firearm was stolen or had an altered or obliterated serial number").

Subsequent to the entry of judgment, but prior to oral argument, we rejected a nearly identical challenge. In *United States v. Griffiths,* 41 F.3d 844, 846 (2d Cir.1994), we held that "§ 2K2.1(b)(4), as construed in § 2K2.1, comment (n. 19), does not violate the due process clause." While we considered the enhancement with respect to a stolen firearm rather than a firearm with an obliterated serial number, *Griffiths* nonetheless controls the outcome of this case.

Although 18 U.S.C. § 922(k), which criminalizes the possession of a firearm with an obliterated serial number, contains a scienter requirement, *see United States v. Haynes,* 16 F.3d 29, 33–34 (2d Cir.1994), Congress has not required in this statute that the § 2K2.1(b)(4) sentencing enhancement contain a scienter requirement. *Cf.* 28 U.S.C. § 994(c) (listing various factors to be considered by Sentencing Commission in formulating guidelines).

Nor is due process offended by a strict liability construction of § 2K2.1(b)(4), for the reasons explained in *Griffiths.* Moreover, while § 922(k) does not permit a conviction unless an otherwise innocent person knowingly possessed a firearm with an obliterated serial number, § 2K2.1(b)(4) reasonably imposes the burden upon a felon who illegally possesses a firearm to ensure that the serial number is not obliterated. *See United States v. Schnell,* 982 F.2d 216, 220–21 (7th Cir. 1992).

The judgment of the district court is accordingly affirmed.