USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT FOR THE FIRST CIRCUIT ____________________ No. 95-1720 UNITED STATES OF AMERICA, Appellee, v. JAMES H. ABERNATHY, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Raymond J. Pettine, Senior U.S. District Judge] __________________________ ____________________ Before Selya, Circuit Judge, _____________ Aldrich, Senior Circuit Judge, ____________________ and Stahl, Circuit Judge. _____________ ____________________ Edward F. Grourke with whom Finan & Grourke was on brief for ___________________ ________________ appellant. Sheldon Whitehouse, United States Attorney, for appellee. __________________ ______________________ ____________________ April 30, 1996 ____________________ ALDRICH, Senior Circuit Judge. James H. Abernathy, ____________________ driving a Massachusetts registered car in Providence, Rhode Island, was stopped by two policemen, one of whom, when he peered into defendant's vehicle, observed the butt of a .45 caliber Colt semi-automatic pistol sticking out from under the driver's seat. Indicted as a result, defendant initially pleaded guilty to two counts: Count I, as a convicted felon carrying a firearm that had been in interstate commerce, in violation of 18 U.S.C. 922(g)(1); Count II, carrying an arm that had been in interstate commerce with an obliterated serial number, in violation of 18 U.S.C. 922(k). Defendant was sentenced to 110 months imprisonment followed by three years supervised release on Count I, and to a concurrent 60 months imprisonment on Count II. Over one year later, upon defendant's motion, the entire sentence was vacated in order to reinstate his right to pursue a direct appeal, which had been dismissed for want of prosecution. Thereafter, prior to resentencing, defendant moved to withdraw his plea. The court denied the motion and resentenced defendant to the original terms. This appeal ensued, raising the following points: (1) the lawfulness of the stop; (2) whether defendant should have been allowed to withdraw his pleas on both counts; and (3) the constitutionality of the statutes proscribing his conduct. We affirm on (1) and (3). On (2) we reverse and vacate the sentence with respect to Count II. -2- The Arrest __________ The officers were in an unmarked car, in plain clothes. Some of the evidence might support defendant's claim that this was an unlawful investigatory stop. Ample evidence, however, supports the district court's finding of a justified traffic violation stop, including testimony that defendant travelled in the wrong lane of traffic and then ran a stop sign. No purpose would be served in discussing the district court's careful analysis and reasonable credibility resolutions. The fact that the officers were on an undercover investigatory narcotics detail does not mean that they could not lawfully make a proper traffic stop. Withdrawal of the Plea ______________________ Withdrawal of a guilty plea prior to sentencing may be granted for "fair and just reason." See Fed. R. Crim. P. ___ 32(e) (1994); United States v. Cotal-Crespo, 47 F.3d 1, 3 _____________ ____________ (1st Cir.), cert. denied, ___ U.S. ___, 116 S.Ct. 94, 133 _____________ L.Ed.2d 49 (1995). After sentencing, the defendant must show a defect attending the plea that amounts to a "miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure." United States v. Lopez-Pineda, ______________ ____________ 55 F.3d 693, 697 (1st Cir.) (internal quotations omitted), cert. denied, ___ U.S. ___ 116 S.Ct. 259, 133 L.Ed.2d 183 ____________ (1995). Although the United States attaches great significance to the category to which defendant ought to be -3- assigned, whether defendant's plea was knowing and voluntary within the meaning of Criminal Rule 11 is the most significant factor under either standard. United States v. _____________ Allard, 926 F.2d 1237, 1243 (1st Cir. 1991). ______ With respect to Count I this is a routine case -- the court was well warranted in finding no misunderstanding of the charge by defendant, nor was there any other flaw in the plea proceedings. Fed. R. Crim. P. 11(a)-(f). There is a serious question, however, with respect to Count II. From the record, it appears that the court, as well as counsel for both the government and the defendant, understood that the government was not obliged to establish actual knowledge on defendant's part that the serial number had been obliterated at the time of his possession,1 and communicated this misunderstanding to the defendant. We find this failure to apprise defendant of the elements of the charge fundamentally inconsistent with fair procedure in an  ____________________ 1. While, regrettably, some of our prior cases seem unclear, cf. United States v. Chapdelaine, 989 F.2d 28, 33 (1st Cir. ___ _____________ ___________ 1993), cert. denied, ___ U.S. ___, 114 S.Ct. 696, 126 L.Ed.2d ____________ 663 (1994), United States v. Smith, 940 F.2d 710, 713 (1st _____________ _____ Cir. 1991), it is indisputable that actual knowledge has been a necessary element of the crime at least since passage of the Firearms Owners' Protection Act, Pub. L. No. 99-308, 104, 100 Stat. 456, 456 (1986), which modified the attendant penalty provision to require knowing violation of _______ 922(k) in order for criminal sanctions to attach. 18 U.S.C. 924(a)(1)(B). See United States v. Hooker, 997 F.2d ___ _____________ ______ 67, 72 (5th Cir. 1993); United States v. Haynes, 16 F.2d 29, _____________ ______ 34 (2nd Cir. 1994). See also United States v. De Leon Ruiz, ___ ____ _____________ ____________ 47 F.3d 452, 454 (1st Cir. 1995); United States v. Lanoue, 71 _____________ ______ F.3d 966, 983 (1st Cir. 1995). -4- acceptance of plea proceeding. As the record contains strong support for defendant's claim that he lacked knowledge of the obliteration -- at the very least it does not establish otherwise -- we cannot say the error was harmless. Compare _______ United States v. Ferguson, 60 F.3d 1, 4 (1st Cir. 1995). See _____________ ________ ___ Fed. R. Crim. P. 11(h). It follows that defendant has a right to withdraw his plea on Count II. Defendant's tangential suggestion that the court's imposition of a two-level enhancement to his offense level based on the obliteration also requires reversal ignores the fact that this enhancement explicitly applies "whether or not the defendant knew or had reason to believe that the firearm . . . had an altered or obliterated serial number." USSG 2K2.1(b)(4), comment. (n.19). See United States v. Schnell, ___ _____________ _______ 982 F.2d 216, 220-21 (7th Cir. 1992); United States v. ______________ Williams, 49 F.3d 92, 93 (2nd Cir. 1995). ________ Having in mind that the 60-month sentence imposed on Count II was to be served concurrently with the 110 month sentence on Count I, the government has suggested that there may be possible advantages to defendant in not withdrawing the plea. This question is for defendant to determine when returned to the district court, and we express no opinion. Constitutionality of the Statutes _________________________________ We have recently considered and rejected similar arguments to those raised by defendant challenging the power -5- of Congress under the Commerce Clause to enact the statutes underlying the charges against him, in light of the Supreme Court's ruling in United States v. Lopez, ___ U.S. ___, 115 ______________ _____ S.Ct. 1624, 131 L.Ed.2d 626 (1995). See United States v. ___ _____________ Bennett, 75 F.3d 40, 49 (1st Cir. 1996) (challenge to _______ constitutionality of 18 U.S.C. 922(g)(1) is "hopeless"); United States v. Diaz-Martinez, 71 F.3d 946, 953 (1st Cir. _____________ _____________ 1995) (Lopez does not invalidate 18 U.S.C 922(k)). _____ Affirmed in part, reversed in part, and remanded. ________ ________ ________ -6-