104 F.3d 356
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Aaron FORD, also known as Ty, Defendant,
Courtney TITUS, also known as Freedom, Defendant-Appellant.
 No. 96-1335.
 United States Court of Appeals, Second Circuit.
 Dec. 10, 1996.
 
 Appeal from the United States District Court for the Eastern District of New York.
 APPEARING FOR APPELLANT: Charles O. Lederman, New York, New York
 APPEARING FOR APPELLEE: Benton J. Campbell Assistant United States Attorney Brooklyn, New York
 E.D.N.Y.
 AFFIRMED.
 Before WALKER and LEVAL, Circuit Judges and STANTON,* District Judge.
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York (Weinstein, J.), and was argued.
 
 
 1
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is AFFIRMED.
 
 
 2
 Defendant-appellant Courtney Titus appeals a sentence imposed by the district court on May 13, 1996 as a result of his guilty plea to the unlawful delivery of firearms in violation of 18 U.S.C. § 922(b)(2). Titus was sentenced to a 12 month and 1 day term of imprisonment and a two year term of supervised release.
 
 
 3
 Titus raises a single issue on appeal: whether the district court erred in applying a two level upward adjustment under U.S.S.G. § 2K2.1(b)(4) because the guns sold by Titus had obliterated serial numbers.
 
 
 4
 The district court did not err in applying the two level adjustment. Titus argues that he did not have knowledge of the obliterated serial numbers. The district court held a hearing on the specific issue of Titus's involvement in selling guns with obliterated serial numbers. The district court heard testimony from the agent involved in purchasing the guns and concluded that the serial numbers were obliterated and Titus had knowledge of the obliterated serial numbers. (We note that under U.S.S.G. § 2K2.1(b)(4), comment, (n.19), knowledge of the obliterated serial numbers is not a requirement for the application of the two level enhancement. See United States v. Williams, 49 F.3d 92, 93 (2d Cir.1995).) The district court's findings of fact will be upheld unless clearly erroneous. See, e.g., United States v. Sasso, 59 F.3d 341, 353 (2d Cir.1995). We find no error in the district court's findings of fact in this case.
 
 
 5
 Titus contends that the district court erred in applying the adjustment because delivering firearms with obliterated serial numbers was not an element of the crime. This argument is without merit because the "relevant conduct" provision of the sentencing guidelines, see U.S.S.G. § 1B1.3, allows the district court to consider Titus's conduct in selling guns with obliterated serial numbers in sentencing him. See, e.g., United States v. Silkowski, 32 F.3d 682, 688 (2d Cir.1994).
 
 
 6
 We have considered all of the defendant's contentions on this appeal and have found them to be without merit. For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.
 
 
 
 *
 The Honorable Louis L. Stanton of the United States District Court for the Southern District of New York, sitting by designation