**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 6 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JAMES HERBERT MCMAHON,

    Defendant-Appellant.

No. 98-8006

(D.C. No. 97-CR-85)

(D. Wyo.)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **EBEL**, and **MURPHY**, Circuit Judges.[**]

    Defendant James Herbert McMahon was charged in a two-count indictment with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g), and possessing a firearm with an altered serial number in violation of 18 U.S.C. § 922(k). In exchange for Defendant's guilty plea to the § 922(g) offense, the Government dismissed the §

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

922(k) offense. At sentencing, however, the district court enhanced Defendant's base offense level under U.S.S.G. § 2K2.1(b)(4) by two levels because the firearm he possessed had an altered serial number. Defendant appeals, arguing that because he had no knowledge that the serial number on the firearm was altered, the district court erred in applying the two level enhancement. We exercise jurisdiction under 18 U.S.C. § 3742, and affirm.

U.S.S.G. § 2K2.1, comment. (n. 19) states that "enhancement under subsection (b)(4) for a . . . firearm with an altered or obliterated serial number applies whether or not the defendant knew or had reason to believe that the firearm . . . had an altered or obliterated serial number." Every circuit which has addressed the issue has held that § 2K2.1(b)(4) lawfully imposes upon a felon in possession of a firearm the burden of inquiring into the condition of the weapon's serial number. United States v. Abernathy, 83 F.3d 17, 19 (1st Cir. 1996); United States v. Williams 49 F.3d 92 (2d Cir. 1995); United States v. Schnell, 982 F.2d 216, 219-22 (7th Cir. 1992). Accordingly, Defendant's claim that he had no knowledge that the firearm he possessed had an altered serial number is of no consequence for purposes of applying the sentencing guidelines. The district court properly applied the sentencing guidelines to Defendant.

Accordingly, the judgment of the district court is AFFIRMED. Defendant's motion for an initial en banc hearing is DENIED. Defendant may move for rehearing en banc in accordance with Fed. R. App. P. 35(c). The mandate shall issue forthwith.


Entered for the Court,


Bobby R. Baldock
Circuit Judge