08-4910-cr
United States v. Walker

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of April, two thousand ten.

Present:

> Ralph K. Winter,
> José A. Cabranes,
> Gerard E. Lynch,
> > *Circuit Judges.*

_____

United States of America,

> *Appellee,*

> v.                                                                             08-4910-cr

Jackie Ray Walker, also known as Jay Lnu,

> *Defendant-Appellant.*

_____

| | |
|---|---|
| **FOR APPELLEE:** | Adam S. Hickey, Assistant United States Attorney (Katherine Polk Failla, Assistant United States Attorney, *of counsel*) for Preet Bharara, United States Attorney for the Southern District of New York, New York, NY. |
| **FOR APPELLANT:** | Steven Y. Yurowitz, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Robert P. Patterson, Jr., *Judge*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Defendant Jackie Ray Walker appeals from a September 26, 2008 order of the District Court

1

convicting him, upon his plea of guilty, of one count of firearms trafficking in violation of 18 U.S.C. § 922(a)(1)(A) and one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and sentencing him principally to one hundred months' imprisonment. On appeal defendant argues that the District Court erred in (1) failing to reduce defendant's sentence because his difficult childhood lead him to commit the prior criminal acts that served as a basis for a career offender enhancement; (2) imposing an enhancement for selling stolen firearms when there was no evidence that defendant was aware that the arms were stolen; and (3) imposing an enhancement for firearms trafficking when there was no evidence to support an inference of the requisite scienter. We assume the parties' familiarity with the underlying facts and procedural history of this case.

Following *United States v. Booker*, 543 U.S. 220 (2005), a district court has broad latitude to "impose either a Guidelines sentence or a non-Guidelines sentence." *United States v. Sanchez*, 517 F.3d 651, 660 (2d Cir. 2008); *see also United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc). Accordingly, the role of the Court of Appeals is limited to examining a sentence for reasonableness, which is akin to review under an "abuse-of-discretion" standard. *See Cavera*, 550 F.3d at 190; *see also Gall v. United States*, 552 U.S. 38, 41 (2007) (holding that "courts of appeals must review all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard"); *cf. Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) ("A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." (alteration, citations, and quotation marks omitted)). This standard applies "both to the [substantive reasonableness of the] sentence itself and to the procedures employed in arriving at the sentence." *United States v. Verkhoglyad*, 516 F.3d 122, 127 (2d Cir. 2008).

First, Walker argues that his sentence was substantively unreasonable because the District Court failed to adequately take into account the childhood abuse that he claims contributed to the past narcotics-related criminal activity that resulted in his significant criminal record and his high guideline recommendation. To the extent that Walker argues that the abuse should have resulted in a downward departure within the guideline system, the argument is unavailing, since a refusal to depart may be reviewed only where the sentencing court misapprehended the scope of its authority or the sentence was otherwise illegal. *United States v. Stinson*, 465 F.3d 113, 114 (2d Cir. 2006), neither of which applies here. To the extent that Walker argues that the abuse rendered the sentence imposed substantively unreasonable, the argument fails because the District Court expressly considered the proffered history of abuse and noted that without it the sentence would have been even higher. We cannot say that a sentence of 100 months for a defendant with a record of three prior narcotics felonies who illicitly sold eleven guns, two of them stolen, in three separate completed and attempted transactions, fell outside the range of reasonable judgment.

Next, Walker argues that the District Court erred in imposing an enhancement for possessing stolen firearms. In his sentencing proceedings, Walker did not challenge the Guidelines calculations

(which included the enhancement at issue), and he did not challenge the facts set forth in the Presentence Report ("PSR"). *See* A. 30 (indicating that defense counsel had reviewed the Presentence Report "and there are no factual changes to be made"). Accordingly, we review the imposition of this enhancement for plain error. *See United States v. Villafuerte*, 502 F.3d. 204, 208-11 (2d Cir. 2007). The Guidelines impose an enhancement "[i]f any firearm . . . was stolen." U.S.S.G. § 2K2.1(b)(4)(A). We have held previously that a defendant need not know the firearm was stolen for the enhancement to apply. *See United States v. Griffiths*, 41 F.3d 844, 846 (2d Cir. 1994); *United States v. Litchfield*, 986 F.2d 21, 22-23 (2d Cir. 1993). Here, the District Court properly followed the plain language of the Guidelines and the controlling precedent. Accordingly, we conclude that the District Court did not err in imposing an enhancement for possessing a stolen firearm.

Finally, Walker argues that the District Court erred in imposing an enhancement for firearms trafficking because there was insufficient evidence to support the District Court's finding that defendant knew or had reason to know that the guns he sold would be used illegally. The parties dispute whether defendant challenged the imposition of this enhancement in the District Court. Assuming *arguendo* that Walker did challenge the imposition, we conclude that there was sufficient evidence to support the imposition of the firearms trafficking enhancement. The Guidelines provide for an enhancement when a defendant transfers two or more firearms "and knew or had reason to believe" to an individual "who intended to use or dispose of the firearm unlawfully." U.S.S.G. § 2K2.1, comment. n.13(A). Here, there was ample evidence in the record to support the District Court's conclusion that Walker knew or had reason to believe that the firearms would be used unlawfully. For example, Walker delivered the guns in a furtive manner, such as hidden in a bedsheet or in a bag beneath clothes. PSR ¶ 9, ¶ 11. In one sale, Walker vouched that the guns were either fully automatic or could be converted to fully automatic weapons. PSR ¶ 11. We conclude that this was sufficient to support the District Court's imposition of the trafficking enhancement.

## CONCLUSION

We have considered all of defendant's arguments and find them to be without merit. Accordingly, for the reasons stated above, the judgment of the District Court is **AFFIRMED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3