21-1248
*United States v. Edwards*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of May, two thousand twenty-two.

PRESENT:
> DENNY CHIN,
> RICHARD J. SULLIVAN,
> STEVEN J. MENASHI,
> *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                                     No. 21-1248

DIMITRIUS EDWARDS,

> *Defendant-Appellant.*

_____

FOR DEFENDANT-APPELLANT:   Edward S. Zas, Federal Defenders of New York, Inc., Appeals Bureau, New York, NY.

FOR APPELLEE:   Jo Ann M. Navickas, Anna L. Karamigios, *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Carol Bagley Amon, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Dimitrius Edwards appeals from the judgment and sentence of the district court following his plea of guilty to one count of possessing a firearm as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and to one specification of violation of supervised release stemming from the same conduct. Based on the applicable offense level and Edwards's substantial criminal history, which includes convictions for assault, robbery, and a prior instance of possessing a firearm as a convicted felon, the district court calculated the Sentencing Guidelines range to be seventy to eighty-seven months' imprisonment. It then imposed a sentence of seventy months' imprisonment on

2

the felon-in-possession count, to run concurrently with a twenty-four-month sentence for the violation of supervised release, followed by a three-year term of supervised release. On appeal, Edwards argues that this sentence is substantively unreasonable because the district court did not adequately consider his significant intellectual disability, the abuse he suffered as a child at the hands of his mother, his longstanding dependence on marijuana, the harsh pandemic-related conditions at the facility where he is serving his sentence, and the need to avoid sentencing disparities among similarly situated defendants.

We review the substantive reasonableness of a sentence for abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). A sentence is substantively unreasonable when allowing it to stand would "damage the administration of justice because [it is] shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009). In other words, we will "set aside a district court's substantive determination only in exceptional cases where [its] decision cannot be located within the range of permissible decisions." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (citation, quotation marks, and emphasis omitted). None of Edwards's objections, alone or in combination, convinces us that his

3

seventy-month sentence is substantively unreasonable.

As an initial matter, we have explained "that in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances" of a case. *United States v. Ryan*, 806 F.3d 691, 695 (2d Cir. 2015) (citation omitted). Not only did the district court impose a Guidelines sentence here, but it imposed a sentence at the very bottom of the Guidelines range. Edwards thus faces a stiff challenge in establishing that this sentence is substantively unreasonable.

That challenge grows only more onerous because of Edwards's substantial criminal history. None of the mitigating factors he identifies diminishes the district court's stated interest in protecting the public from further criminal activity. When it previously sentenced Edwards in 2017, the district court acknowledged "the very sad facts . . . about [his] background and upbringing," but explained that those circumstances "do not alter the fact that [Edwards] remains [a] dangerous and angry person who needs to be deterred from engaging in further criminal conduct and, frankly, incapacitated." App'x at 22. The district court incorporated that analysis by reference in its sentencing proceeding on the instant offenses. And while it is true, as Edwards argues, that he did not hurt anyone this

4

time, his past crimes were not victimless.   Moreover, there can be no disputing the district court's characterization of this offense – a felon's unlawful possession of a firearm – as "a very serious" one.   App'x at 110.   Accordingly, the district court did not abuse its discretion in determining that a Guidelines sentence was warranted to deter and incapacitate Edwards, despite his difficult personal history and the fact that this particular offense did not result in physical injury.   *See* 18 U.S.C. § 3553(a)(2)(B)–(C) (listing "deterrence" and "protect[ion of] the public" as two factors courts must consider in sentencing defendants).

Edwards also misses the mark with his argument that a seventy-month sentence is unreasonable in light of the harsh conditions in prisons brought on by the COVID-19 pandemic.   The district court expressly factored these circumstances into the sentence it imposed.   *See* App'x at 111 ("[Because] the character of the time that [Edwards] has already spent in prison [was] particularly harsh . . . I think a [G]uideline[s] sentence at the lower end of the [G]uideline[s] range is one that is appropriate, not at the higher end of the range.").   Because the Guidelines range was wide – seventy to eighty-seven months – the district court's decision to come down from the high end to the low end likely resulted in a significant break for Edwards.   We are aware of no authority suggesting that a

5

district court imposing a sentence is obligated to assign even this much weight, let alone more, to the harsh prison conditions brought on by the pandemic. *Cf. United States v. Degroate*, 940 F.3d 167, 178–79 (2d Cir. 2019) (explaining that a challenge to the substantive reasonableness of a sentence based on "mitigating factors that the [d]istrict [c]ourt allegedly failed to appreciate[]" failed in part because of "the [d]istrict [c]ourt's express consideration of th[ose] . . . mitigating factors"); *United States v. Walker*, 375 F. App'x 68, 70 (2d Cir. 2010) ("To the extent that [the defendant] argues that [a mitigating factor] rendered the sentence imposed substantively unreasonable, the argument fails because the [d]istrict [c]ourt expressly considered the [mitigating factor] and noted that without it the sentence would have been even higher.").

Finally, we also reject Edwards's argument that allowing his sentence to stand permits "unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). In support of this argument, Edwards cites statistics of the national-average sentences in various contexts, noting that the average sentence for a felon in possession of a firearm is sixty-two months, and that for such felons not sentenced under the Armed Career Criminal Act, the average drops to fifty-six months. But

6

district courts are "not required to consult these [national-average] statistics," which provide no details about the individual circumstances of the defendants and their sentences. *United States v. Irving*, 554 F.3d 64, 76 (2d Cir. 2009). In any event, "concern about unwarranted disparities is at a minimum when a sentence is within the Guidelines range." *Id.* (citation omitted).

Even on their own terms, these statistics are of little use. The fact that a sentence is a few months above a national average means little, and it similarly means little that the gap between Edwards's sentence and the national average grows when one looks only at a subset of cases with cherry-picked commonalities without controlling for other important characteristics. Undoubtedly, the national-average sentence would increase relative to Edwards's if one examined, for instance, only cases where the defendant had a criminal history as substantial as Edwards's, but this is simply not something district courts are compelled to do.

We have considered all of Edwards's remaining arguments and find them to be without merit.

In sum, this is not one of the small minority of cases when a Guidelines sentence is substantively unreasonable. *See Ryan*, 806 F.3d at 695. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court