UNITED STATES of America,
Plaintiff–Appellee,

v.

Harry Edward SINGLETON,
Defendant–Appellant.

No. 90–1962.

United States Court of Appeals,
Fifth Circuit.

Oct. 16, 1991.

Timothy W. Crooks, Asst. Federal Public Defender, Ira R. Kirkendoll, Federal Public Defender, Ft. Worth, Tex., for defendant-appellant.

Joe C. Lockhart, Asst. U.S. Atty., Marvin Collins, U.S. Atty., Ft. Worth, Tex., for plaintiff-appellee.

Before WISDOM, JOLLY, and SMITH, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

## I.

Defendant Harry Edward Singleton, a convicted felon, pawned a .38 caliber revolver at a Texas pawn shop. As a result, Singleton was named in a one-count indictment for the knowing and unlawful possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Singleton pleaded guilty.

The Presentence Investigation Report (PSI) stated that Singleton's crime carried a base offense level of 9 under U.S.S.G. § 2K2.1. The PSI recommended a two-level reduction in the offense level for acceptance of responsibility under section 3E1.1(a) and a one-level enhancement under section 2K2.1(b)(1), since investigation had revealed that the firearm was stolen,[1] resulting in an offense level of 8. The PSI also calculated a criminal history category of III.

At the sentencing hearing, Singleton objected to the enhancement, stating that he did not know the gun was stolen. The government made no attempt to prove that Singleton knew the gun was stolen. The court accepted the PSI's recommendations and sentenced Singleton at the top of his guideline range to twelve months' imprisonment followed by two years' supervised release. The court overruled Singleton's objection, holding that the enhancement did not violate due process. Singleton now appeals. The district court's ruling is a legal interpretation of the guidelines that we review de novo. *United States v. Suarez,* 911 F.2d 1016, 1018 (5th Cir.1990).

## II.

Singleton raises two arguments. First, he contends that the guidelines do not explicitly provide any indication of what *mens rea* requirement obtains for possession of a stolen firearm and that the rule of lenity therefore mandates that we require the government to prove that Singleton knew the gun was stolen. Second, Singleton believes that even if the guidelines allow a court to increase his sentence based upon the unknowing use of a stolen firearm, this is unconstitutional, as it offends due process to sentence a defendant based upon an unknowing crime. We deal with each contention in turn.

## A.

Singleton appeals to the rule of lenity, which requires that ambiguous statutes be construed in favor of defendants, so that members of an innocent citizenry are not surprised by being prosecuted for acts that they could not know were criminal. The rule operates only when a statute is ambiguous. *Bifulco v. United States,* 447 U.S. 381, 387, 100 S.Ct. 2247, 2252, 65 L.Ed.2d 205 (1980).

"It is a fundamental canon of statutory construction ... that, unless otherwise de-

---

1. The guidelines in effect at the time of Singleton's sentencing provided for a one-level upward adjustment to the base offense level if the firearm that was possessed was stolen or had an altered or obliterated serial number. The guideline subsequently was renumbered and amended to provide for a two-level upward adjustment. *See* U.S.S.G. § 2K2.1(b)(2) (1991).

fined, words will be interpreted as taking their ordinary, contemporary, common meaning." *Perrin v. United States*, 444 U.S. 37, 42, 100 S.Ct. 311, 314, 62 L.Ed.2d 199 (1979). The words of the statute simply instruct a sentencing court to increase a sentence "[i]f the firearm was stolen or had an altered or obliterated serial number." U.S.S.G. § 2K2.2(b)(2). The language and meaning of this section is plain, and three other circuits have held that U.S.S.G. § 2K2.1(b)(1) is not ambiguous and does not require knowledge that the gun was stolen.[2]

▪ Nevertheless, there is a presumption that statutes include an element of mental culpability. In *United States v. Anderson*, 885 F.2d 1248, 1253 (5th Cir. 1989) (en banc), we held that a felony conviction resulting from "mere ignorance or failure to investigate an apparently legal item is aberrational in our legal system." We noted that even though a statute "does not contain express wording—such as 'knowingly'—imposing a *mens rea* requirement, it is well settled that 'far more than the simple omission of the appropriate phrase from the statutory definition [of the offense] is necessary to justify dispensing with' a *mens rea* requirement." *Id.* (citations omitted). An accidental omission should not create strict liability. However, the rule of lenity will not help a defendant when the statutory drafters intentionally have imposed strict liability. *See Bifulco*, 447 U.S. at 387, 100 S.Ct. at 2252, 65 L.Ed.2d 205; *United States v. Nguyen*, 916 F.2d 1016, 1018–19 (5th Cir.1990).

▪ The guidelines drafters have been explicit when they wished to import a *mens rea* requirement. Thus another special offense characteristic in the same statutory section provides that a district court should increase a defendant's sentence "[i]f the offense involved explosives that the defendant *knew or had reason to believe* were stolen," U.S.S.G. § 2K1.3(b)(2) (formerly *id.*

§ 2K2.3(b)(2)(A)) (emphasis added), while the succeeding section provides for increased liability "[i]f the defendant *knowingly* distributed explosives to a person under twenty-one." *Id.* § 2K1.3(b)(3) (formerly *id.* § 2K2.3(b)(2)(B)) (emphasis added). Because statutory sections are to be construed as coherent wholes, the precision of the drafters in including *mens rea* in neighboring sections indicates that the reason that the section does not use the word "knowingly" is that the drafters did not wish such a requirement to apply.

The District of Columbia Circuit recently confronted a similar case in which the defendant argued that "imposition of strict liability in connection with this [sentencing enhancement] not only violates the presumption against strict liability but also the rule of lenity under the fifth amendment's due process clause." *United States v. Taylor*, 937 F.2d 676, 681 (D.C.Cir.1991). The court first stated that the rule of lenity comes into play only when a statute is ambiguous. The court rejected the notion that the guidelines are ambiguous in this respect. After noting that section 1B1.3(a)(4) formerly had required that all sentences be meted out based upon the defendant's state of mind, the court concluded that the decision of the Sentencing Commission to delete this language demonstrated that the presently constituted guidelines do not require knowledge in the context of section 2K2.1(b)(1). *Id.* at 681–82. We find this reasoning persuasive and adopt the holding of the District of Columbia Circuit that the rule of lenity does not apply to section 2K2.1(b)(1).

## B.

▪ Singleton argues that if the guidelines unambiguously provide that possession of a stolen firearm when the defendant did not know it was stolen may be used to enhance a sentence, such commands to a sentencing court violate due process and hence are unconstitutional.

---

2. *See United States v. Taylor*, 937 F.2d 676, 681–82 (D.C.Cir.1991); *United States v. Peoples*, 904 F.2d 23, 25 (9th Cir.1990) (per curiam); *United*

*States v. Anderson*, 886 F.2d 215, 216 (8th Cir. 1989).

The due process argument presents an issue of first impression.[3]

Singleton correctly notes that strict liability crimes are disfavored. He relies upon several Supreme Court decisions holding such statutes unconstitutional. However, the upward adjustment for possession of a stolen firearm does not stand alone as an independent crime but is part of a sentencing court's quest to formulate a proper sentence.

Singleton cannot stretch the Supreme Court's holdings to support the proposition that intent must be proved for each element a judge considers in sentencing. For example, in *Lambert v. California*, 355 U.S. 225, 78 S.Ct. 240, 2 L.Ed.2d 228 (1957), the Court held unconstitutional an ordinance making it a crime for a convicted felon to remain in the City of Los Angeles for more than five days without registering; the ordinance did not require knowledge of the registration requirement for conviction.[4]

Singleton also relies upon our recent decision in *Anderson*. There, we held that a defendant could not be convicted of possessing an unregistered firearm under the National Firearms Act unless the government proved that the defendant knew that the gun involved was a firearm as defined under the statute. We stated that "[c]ommon sense tells us that millions of Americans possess these items with perfect innocence." *Id.* 885 F.2d at 1254.

The holdings in *Lambert* and *Anderson* do not control our decision today, as Single-

ton was not convicted of a strict liability *crime* but instead was subject to a strict liability *sentencing enhancement*. Criminal intent is an element of the crime of possession of a gun by a convicted felon, and this element was established by Singleton's guilty plea of *knowing* possession of the gun. Section 2K2.1(b)(1) does not create a crime where one otherwise would not exist.

■ It is well settled that at sentencing, a court can consider items that it could not consider in the guilt phase of a trial without violating the constitution. For example, every element of a crime that results in a jail term must be proven beyond a reasonable doubt. In contrast, a court, when considering the appropriate sentence under the guidelines, can consider not only crimes that have not been proven beyond a reasonable doubt, but crimes that have not even been charged. *E.g., Roussell v. Jeane*, 842 F.2d 1512, 1523–24 (5th Cir.1988). Similarly, a court properly can consider hearsay evidence at sentencing and can impose a sentence applicable to a different crime from that charged, if it appears that the other crime in fact more closely matches the crime the defendant has committed. *E.g., United States v. Warters*, 885 F.2d 1266, 1275 (5th Cir.1989).

■ Finally, a court can depart from the guidelines range altogether if the calculated range does not properly reflect the defendant's crimes.[5] This is in accordance with the Constitution, although it directly affects how long a defendant will be incar-

---

**3.** The Eighth and Ninth Circuits have held that § 2K2.1(b)(1) does not require proof that the defendant knew that a firearm was stolen in order to invoke the one-level enhancement, but neither circuit specifically addressed the constitutional argument raised by Singleton. *See Peoples*, 904 F.2d at 25; *United States v. Amerson–Bey*, 898 F.2d 681, 683 (8th Cir.1990); *United States v. Anderson*, 886 F.2d 215, 216 (8th Cir. 1989). Similarly, the District of Columbia Circuit believed that it did not need to address the constitutional issues. *See Taylor*, 937 F.2d at 682.

**4.** *See also Liparota v. United States*, 471 U.S. 419, 105 S.Ct. 2084, 85 L.Ed.2d 434 (1985) (con-

struing an intent element for the crime of unauthorized possession of food stamps); *Morissette v. United States*, 342 U.S. 246, 72 S.Ct. 240, 96 L.Ed. 288 (1952) (construing an intent requirement for the crime of conversion of government property).

**5.** In deciding to depart upward, the sentencing court only need ensure that its reasons are reflected in the record, *United States v. Geiger*, 891 F.2d 512, 513–14 (5th Cir.1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 1825, 108 L.Ed.2d 954 (1990), and it must rely upon reasonable reasons. *United States v. Mejia–Orosco*, 867 F.2d 216, 221 (5th Cir.), *clarified*, 868 F.2d 807, *cert. denied*, 492 U.S. 924, 109 S.Ct. 3257, 106 L.Ed.2d 602 (1989).

cerated, because of the broad discretion enjoyed by sentencing courts.

Singleton would have us believe that the Constitution forbids increased sentences for defendants who use stolen guns in their criminal endeavors, unless the government proves knowledge of theft beyond a reasonable doubt. As the commentary to the guidelines notes, however, sentencing courts always have considered whether the firearm was stolen in formulating their sentences.[6] The decision of such courts to consider this factor before the guidelines took effect was not unconstitutional, and the Commission's decision to continue consideration of this factor today does not change the result.

### III.

The plain language of the guidelines, as well as the apparent intent of the drafters, evidences the Commission's wishes that a one-point upward adjustment be assessed against a felon who possesses a stolen gun, regardless of whether he knew the gun was stolen. Because this upward adjustment occurs during sentencing, when district court discretionary authority is especially broad, this adjustment does not offend due process.

The district court did not err by sentencing Singleton based upon an increased offense level reflecting his possession of a stolen firearm. Accordingly, we AFFIRM the judgment of sentence.

---

**6.** The Sentencing Commission, in reviewing sentencing cases, noted that "review of pre-guidelines cases suggested that this factor [the effect of a stolen firearm] tended to result in more severe sentences." U.S.S.G. § 2K2.1 commentary.