**UNITED STATES of America, Plaintiff–Appellant–Cross–Appellee,**

v.

**Leonard Charles DANCY, Defendant–Appellee–Cross–Appellant.**

**No. 91–2023.**

United States Court of Appeals, Fifth Circuit.

Nov. 14, 1991.

Before GOLDBERG, SMITH, and
DUHÉ, Circuit Judges.

DUHÉ, Circuit Judge.

This case presents two issues for review.
The first is whether Sentencing Guideline
section 2K2.1(b)(2), mandating a two-level
upward adjustment for possession of a fire-
arm when the firearm is stolen, requires
the possessor to know that it was stolen.
The second is whether evidence should be
suppressed when the search warrant in-
cluded a correct street address for the
premises to be searched but no other de-
scription of the place. We hold that section
2K2.1(b)(2) applies regardless of whether
the possessor knew that the firearm was
stolen. We also hold that a correct street
address is an adequate description of prem-
ises to be searched. The denial of the
Defendant's motion to suppress is there-
fore affirmed, but we remand for resen-
tencing in light of our holding in this case
and in *United States v. Singleton*, 946
F.2d 23 (5th Cir.1991).

I.

The Federal Bureau of Investigation and
other law enforcement agencies executed a
search warrant that described the place to
be searched only as 5121 Rapido Drive,
Houston, Texas. One of the FBI agents
swore to an affidavit and obtained the war-
rant on the same day that he executed it.
Three firearms were found; one of them
had been stolen five and one-half years
before. The Defendant, Leonard Charles
Dancy, moved to suppress this evidence,
arguing that the search warrant did not
describe the place to be searched with par-
ticularity. The district court denied the
motion.

The Defendant admits that he possessed
those firearms while serving a ten-year
probationary sentence pronounced by a
Texas state court. He also admits that one
gun was stolen, but he denies knowing that
it was stolen. He pleaded guilty to violat-
ing 18 U.S.C.A. § 922(g) (West Supp.1991)
(a firearms offense), conditioned on and
reserving his right to appeal the denial of

Jeffery A. Babcock, Asst. U.S. Atty.,
Ronald G. Woods, U.S. Atty., Paula Offen-
hauser, Edward F. Gallagher, III, Asst.
U.S. Attys., Houston, Tex., for plaintiff-
appellant-cross-appellee.

Gerald E. Bourque, Houston, Tex., for
defendant-appellee-cross-appellant.

his motion to suppress. He has properly appealed this issue.

The United States Probation Office, after the Defendant's guilty plea, asked that the Defendant receive the two-level upward adjustment because the possessed firearm was stolen. *See* United States Sentencing Comm'n, *Guidelines Manual* § 2K2.1(b)(2) (1990). The district court refused, holding that the guideline does not apply if the defendant did not know that the firearm was stolen. The Government appeals on this issue. The Defendant was sentenced to imprisonment for ten months, the minimum prescribed by the offense level that the district court applied. Five of the ten months were to be served as home detention.

## II.

 The issue whether knowledge is required under section 2K2.1(b)(2) of the Sentencing Guidelines is controlled by our recent decision in *Singleton.* In that case, we held that section 2K2.1(b)(2) does not require knowledge that the firearm was stolen. We therefore remand for resentencing in light of *Singleton.*

## III.

A correct street address in a search warrant, even if no other description is given, is particular enough to withstand constitutional scrutiny. The warrant must describe the place to be searched in enough detail for the executing officer (1) to locate the premises with reasonable effort, and (2) to be sure that the wrong premises are not mistakenly searched. *United States v. Prout,* 526 F.2d 380 (5th Cir.), *cert. denied,* 429 U.S. 840, 97 S.Ct. 114, 50 L.Ed.2d 109 (1976). A correct street address meets both prongs of this test. This Court has even held that an incorrect street address may suffice under the *Leon* good faith exception. *United States v. Gordon,* 901 F.2d 48 (5th Cir.1990) (construing *United States v. Leon,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984)), *cert. denied,* — U.S. ——, 111 S.Ct. 510, 112 L.Ed.2d 522 (1990). A fortiori, a correct street address is sufficiently particular.

For the foregoing reasons, the matter is AFFIRMED IN PART, REVERSED IN PART, and REMANDED.