# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 19, 2007

Charles R. Fulbruge III
Clerk

No. 06-10307

UNITED STATES OF AMERICA

                                                    Plaintiff-Appellee

v.

MARCO ANTONIO RABANAL, also known as Marco Rabanal-Gal

                                                    Defendant-Appellant

No. 06-11281

UNITED STATES OF AMERICA

                                                    Plaintiff-Appellee

v.

FRANCISCO VILLEGAS-JAIMES, also known as Francisco Peralta-Jaimes, also known as Francisco Villegas-Pancho, also known as Ignacio Souliz, also known as Pancho, also known as Jose Cruz Castillo, also known as Joe Cruz Castillo-Guzman, also known as Jose CC Guzman

                                                    Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas

Before REAVLEY, SMITH, and GARZA, Circuit Judges.

REAVLEY, Circuit Judge:

Marco Antonio Rabanal and Francisco Villegas-Jaimes appeal from their sentences in unrelated cases after pleading guilty to illegal reentry, in violation of 8 U.S.C. § 1326. Both defendants received sentence enhancements pursuant to U.S.S.G. § 2L1.2 because of prior convictions for alien smuggling offenses. Because of a commonality in the defendants' arguments, we sua sponte consolidate the two appeals.[1] Finding no error, we affirm both sentences.

Rabanal pleaded guilty to illegal reentry after removal, in violation of sections 1326(a) and (b)(2). His presentence report ("PSR") applied a 16-level upward adjustment under U.S.S.G. § 2L1.2(b)(A)(vii) because a prior conviction for transporting aliens was an "alien smuggling offense" as defined in 8 U.S.C. § 1101(a)(43)(N). The PSR calculated a total offense level of 21, a criminal history category of III, and a guideline range of 46-57 months. Although Rabanal objected to the PSR, he did not object to the 16-level sentence enhancement. At the sentencing hearing, the Government moved for a downward departure based on substantial assistance under § 5K1.1. The district court overruled Rabanal's objections, granted the Government's request for a downward departure, and sentenced Rabanal to 33 months in prison.

Villegas also pleaded guilty to one count of illegal reentry after removal. Noting that Villegas had a prior conviction for "Bringing Undocumented Aliens Into the United States," the PSR characterized this offense as an "alien smuggling offense" and applied the 16-level enhancement of § 2L1.2(b)(1)(A)(vii). After a three-level reduction for acceptance of responsibility, Villegas's total offense level was 21, his criminal history category was V, and the advisory guidelines range was 70 to 87 months. Villegas did not object to the 16-level enhancement. The district court sentenced him to 87 months in prison.

---

[1] See FED. R. APP. P. 3(b)(2).

Both Rabanal and Villegas argue on appeal that they should not have received sentence enhancements for prior alien smuggling offenses. Both contend that the Government failed to prove the necessary facts for the enhancement as it is defined within the Guidelines.

Section 2L1.2(b)(1)(A)(vii) of the Sentencing Guidelines provides for a 16-level enhancement to the base offense level when a defendant convicted of illegal reentry was previously deported after "an alien smuggling offense." The guideline commentary provides that "'[a]lien smuggling offense' has the meaning given that term in section 101(a)(43)(N) of the Immigration and Nationality Act (8 U.S.C. § 1101(a)(43)(N))."[2] Section 1101(a)(43), in turn, defines an "aggravated felony" to include "an offense described in paragraph (1)(A) or (2) of section 1324(a) of this title (relating to alien smuggling), except in the case of a first offense for which the alien has affirmatively shown that the alien committed the offense for the purpose of assisting, abetting, or aiding only the alien's spouse, child, or parent (and no other individual) to violate a provision of this chapter."[3]

As noted above, Rabanal was previously convicted of transporting aliens within the United States, and Villegas was previously convicted of bringing undocumented aliens into the United States. Both offenses were in violation of 8 U.S.C. § 1324(a). The defendants' respective PSRs characterized the prior offenses as alien smuggling for purposes of § 2L1.2(b)(1)(A)(vii). The defendants argue that the alien smuggling enhancements were erroneous because the records in their cases are insufficient to show that their prior offenses involved

---

[2] § 2L1.2, cmt. n.1(B)(i).

[3] 8 U.S.C. § 1101(a)(43)(N).

aliens other than their spouses or relatives.[4]  The defendants argue that the Government, as the proponent of the sentencing enhancement, has the burden of identifying the aliens previously transported in order to prove the prior convictions were for alien smuggling offenses.  We disagree.  The defendants urge a defense to their convictions and not an open question at the stage of their sentences.

The general rule is that "the party seeking an adjustment in the sentence level must establish the factual predicate justifying the adjustment."[5]  The factual predicate the Government must establish for a sentence enhancement under § 2L1.2(b)(1)(A)(vii) and the cross-reference to § 1101(a)(43)(N) is a prior conviction for an offense under 8 U.S.C. § 1324(a)(1)(A) or (2).  The burden is on the defendant to "affirmatively show[]" that the prior offense was a first offense involving only qualifying family members.[6]

The defendants argue that the Sentencing Commission did not intend to incorporate § 1101(a)(43)(N)'s burden of proof into § 2L1.2(b)(1)(A)(vii).  We apply ordinary rules of statutory construction to the Sentencing Guidelines, and if the language of the Guidelines is unambiguous the inquiry ends with the plain meaning of that language.[7]  The plain meaning controls "unless it leads to an

---

[4]  Rabanal separately argues that the enhancement was erroneous because his prior offense of transporting aliens within the United States was not related to alien smuggling insofar as smuggling suggests transgression of an international border.  Rabanal properly concedes that his argument is foreclosed by circuit precedent, and he raises the issue only to preserve it for possible further review.  See United States v. Solis-Campozano, 312 F.3d 164, 167 (5th Cir. 2002) (holding that an "alien smuggling offense" includes transporting aliens within the United States).

[5]  United States v. Alfaro, 919 F.2d 962, 965 (5th Cir. 1990).

[6]  8 U.S.C. § 1101(a)(43)(N).

[7]  United States v. Carbajal, 290 F.3d 277, 283 (5th Cir. 2002).

absurd result."[8]  Under the plain language of the guideline and the incorporated statute, we see no absurd result in requiring the defendant to show that his prior offense involved only qualifying family members in a first time offense to avoid an otherwise valid sentencing enhancement.

Rabanal and Villegas fail to show error because they do not show, or even argue, that their prior offenses concerned only members of their families and were first time offenses.  Therefore, the district court did not erroneously apply the sentence enhancement under § 2L1.2(b)(1)(A)(vii).

AFFIRMED.

---

[8]  Solis-Campozano, 312 F.3d at 166.