[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 20, 2007
THOMAS K. KAHN
CLERK

No. 07-10933
Non-Argument Calendar

_____

D. C. Docket No. 06-00489-CR-T-26-MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALFREDO RUIZ-HERNANDEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(December 20, 2007)**

Before ANDERSON, HULL and WILSON, Circuit Judges.

PER CURIAM:

Alfredo Ruiz-Hernandez appeals his 24-month sentence for transporting

illegal aliens for commercial gain, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii), (B)(i). Ruiz-Hernandez, a native and citizen of Mexico, was apprehended in the United States by U.S. Border Patrol ("USBP") agents while transporting five illegal aliens, one of whom was 15 years old, from California to Florida. On appeal, Ruiz-Hernandez argues that the district court erred by (1) applying the sentence enhancement for transporting an unaccompanied minor pursuant to U.S.S.G. § 2L1.1(b)(4); (2) finding that he did not qualify for a minor-role reduction under U.S.S.G. § 3B1.2; and (3) refusing to grant him a sentence reduction for acceptance of responsibility under U.S.S.G. § 3E1.1.

## I.    Transporting a Minor

The Sentencing Guidelines provide for a two-level increase if a defendant "smuggled, transported, or harbored a minor who was unaccompanied by the minor's parent or grandparent." U.S.S.G. § 2L1.1(b)(4). A minor is defined as someone under the age of 16. U.S.S.G. § 2L1.1 cmt. n.1. Ruiz-Hernandez argues that the district court erred in applying § 2L1.1(b)(4) because (1) the district court wrongly concluded that the enhancement lacked a scienter requirement, and (2) the evidence was insufficient to establish that one of the aliens was a minor.

We review the district court's interpretation of the Sentencing Guidelines *de novo*, including its determination that an enhancement does not require scienter.

*United States v. McClain*, 252 F.3d 1279, 1284 (11th Cir. 2001). Here, the district court correctly determined that § 2L1.1(b)(4) does not require scienter; on its face, the guideline clearly applies regardless of whether the defendant had knowledge of the minor's age. *See id.* at 1286.[1]

We review the district court's factual findings for clear error. *Id.* at 1284. For a factual finding to be clearly erroneous, we must be "left with a definite and firm conviction that a mistake has been committed." *United States v. Robertson*, 493 F.3d 1322, 1330 (11th Cir. 2007) (internal quotation marks omitted) (quoting *Anderson v. City of Bessemer City,* 470 U.S. 564, 573, 105 S. Ct. 1504, 1511, 84 L. Ed. 2d 518 (1985)). When a defendant challenges a factual basis of his sentence, the government bears the burden of establishing the disputed fact by a preponderance of the evidence. *United States v. Cataldo*, 171 F.3d 1316, 1321 (11th Cir. 1999).

The district court did not clearly err by applying § 2L1.1(b)(4) because the government established, by a preponderance of the evidence, that Ruiz-Hernandez

---

[1] In *McClain* we found that U.S.S.G. § 3B1.4 (using a minor to commit a crime) lacked a scienter requirement as to the minor's age because it did not contain "qualifying language reserving the enhancement for defendants who knew that the [relevant individual] was a minor." 252 F.3d at 1286. We further reasoned that requiring the government to prove scienter at sentencing "would simply encourage defendants to close their eyes and ears" and, moreover, that the "defendant's knowledge of a minor's age would be nearly impossible to prove, and would undoubtedly be the subject of lengthy 'mini-trials.' Such application . . . would render the sentencing enhancement practically impotent, and . . . frustrate the legislative intent behind its enactment." *Id.*

3

transported a minor. The minor passenger was in possession of his birth certificate, which a USBP agent testified appeared valid. Although Ruiz-Hernandez speculated that the document may not have belonged to its holder, he provided no evidence to support this allegation or otherwise rebut the government's proffered evidence. Accordingly, the birth certificate was sufficient to prove its holder's age by a preponderance.[2]

## II.    Minor-Role Reduction

A district court's determination of a defendant's role in an offense constitutes a factual finding to be reviewed for clear error. *United States v. Rodriguez De Varon*, 175 F.3d 930, 937 (11th Cir. 1999) (en banc). The defendant bears the burden of proving, by a preponderance of the evidence, that he is entitled to a mitigating-role reduction under U.S.S.G. § 3B1.2. *Id.* at 939. To determine whether the reduction applies, a district court first should measure the defendant's role against the relevant conduct for which he has been held accountable. *Id.* at 940. "Only if the defendant can establish that [he] played a relatively minor role in the conduct for which [he] has already been held accountable–not a minor role in any larger criminal conspiracy–should the district court grant a downward

---

[2] Furthermore, because it would be nearly impossible for the government to obtain photo identification in most cases of this nature, requiring this type of proof would thwart the intentions of Congress to punish those who transport minors.

adjustment for minor role in the offense." *Id.* at 944.

Although, in many cases, this first method of analysis will be dispositive, the district court also may measure the defendant's culpability in comparison to that of other participants in the relevant conduct. *Id.* at 944-45.

Ruiz-Hernandez's role in the offense was identical to the conduct for which he was held accountable, and he did not show that he was substantially less culpable than the other participant in the offense. Although he asserts that his conduct was "nothing more than transporting" the other aliens in his car, this was exactly the conduct for which he was held accountable. Accordingly, the district court did not clearly err in denying Ruiz-Hernandez a minor-role reduction.

## III. Acceptance of Responsibility

We review for clear error a district court's factual findings concerning a reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). *United States v. Williams*, 408 F.3d 745, 756 (11th Cir. 2005) (per curiam). "The defendant bears the burden of clearly demonstrating acceptance of responsibility and must present more than just a guilty plea." *United States v. Sawyer*, 180 F.3d 1319, 1323 (11th Cir. 1999). "A district court's determination that a defendant is not entitled to [a reduction for] acceptance of responsibility will not be set aside unless the facts in the record clearly establish that a defendant has accepted

personal responsibility." *Id.*

In determining whether a defendant qualifies for a reduction under § 3E1.1(a), the district court may consider the nature of the defendant's legal challenges to his conviction and sentence, along with the other circumstances of the case. *United States v. Smith*, 127 F.3d 987, 989 (11th Cir. 1997) (en banc). We have held that factual objections to the sentence that amount to a denial of factual guilt are inconsistent with acceptance of responsibility. *Id.*

Ruiz-Hernandez did not meet his burden of "clearly demonstrating" his acceptance of responsibility because the court found that he was not truthful at his sentencing hearing when he denied certain statements he made to a USBP agent, which amounted to a denial of factual guilt. *See id.* Thus, although Ruiz-Hernandez pled guilty to the offense, his denial was inconsistent with acceptance of responsibility and, therefore, he did not meet his burden. Accordingly, we affirm.

**AFFIRMED.**