**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 1, 2009

Charles R. Fulbruge III
Clerk

No. 08-50233

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

FRANCISCO ESPINOZA-ACUNA, also known as Angel Gomez

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:07-CR-1871-ALL

Before BARKSDALE, DEMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Francisco Espinoza-Acuna (Espinoza) appeals the 70-month sentence imposed following his guilty plea conviction for being found unlawfully in the United States following deportation. Espinoza argues that the Government failed to establish that his prior drug conviction constituted a drug-trafficking offense warranting a 16-level adjustment pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(i). He contends that the complaint and abstract submitted by the Government to establish the drug-trafficking conviction were insufficient

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

with respect to the specific offense of conviction. Espinoza asserts that the Government cannot show that the error was harmless because it cannot show that the error had no effect on the sentence imposed. We VACATE and REMAND.

Because Espinoza sufficiently preserved his objection to the enhancement, this court will review the record de novo to determine if the enhancement was erroneous and, if so, whether the error was harmless. *See United States v. Gutierrez-Ramirez*, 405 F.3d 352, 355-56 (5th Cir. 2005); *United States v. Lopez-Urbina*, 434 F.3d 750, 765 (5th Cir. 2005). Under the harmless error standard, the Government bears the burden of demonstrating that the error did not affect the sentence imposed, i.e., that the district court would have imposed the same sentence absent the error. *Lopez-Urbina*, 434 F.3d at 765.

Section 2L1.2 provides for a 16-level increase in the base offense level for defendants convicted of illegal reentry if the defendant has previously been convicted of "a drug trafficking offense for which the sentence imposed exceeded 13 months." 2L1.2(b)(1)(A)(i). "Drug trafficking offense" is defined as follows: "an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of, or offer to sell a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." § 2L1.2, cmt. n.1(B)(iv). The term "drug trafficking offense" does not include "transportation of a controlled substance for personal use and offers to transport, sell, furnish, administer, or give away a controlled substance." *United States v. Garza-Lopez*, 410 F.3d 268, 274 (5th Cir. 2005).

This court employs the categorical approach set forth in *Taylor v. United States*, 495 U.S. 575, 602 (1990), to determine whether a prior conviction qualifies as a drug-trafficking offense under § 2L1.2. *Garza-Lopez*, 410 F.3d at 273. In so doing, it looks to the elements of the prior offense, rather than to the facts underlying the conviction. *Id.*

To support the enhancement, the Government submitted the criminal complaint that was filed in Espinoza's California drug case and the abstract of the judgment in that case. The complaint charged Espinoza with two counts: Count 1, a violation of Cal. Health & Safety Code § 11352(a), for "Sale or Transportation of a Controlled Substance," and Count two, a violation of Cal. Health & Safety Code § 11351, for "Possession for Sale of a Controlled Substance."

Under § 11351, an offense is committed when a "person possesses for sale or purchases for purposes of sale" certain controlled substances, including cocaine, the drug involved in Espinoza's offense. *United States v. Palacios-Quinonez*, 431 F.3d 471, 474 (5th Cir. 2005). This court has determined that an offense under § 11351 is a drug-trafficking offense within the meaning of § 2L1.2(b)(1)(A)(i). *Id.* at 473-76.

A violation of § 11352 encompasses transporting, importing into the state, selling, furnishing, administering, or giving away controlled substances or offers and attempts to do those activities. CAL. HEALTH & SAFETY CODE § 11352(a). We have previously held that, in contrast to § 11351, § 11352 includes conduct that both does and does not constitute a drug-trafficking offense, and that any documentary evidence of the conviction must establish that the defendant's wrongdoing fell under the section of the statutory elements that constitutes a drug-trafficking offense. *Gutierrez-Ramirez*, 405 F.3d at 356, 359.

In *Gutierrez*, after a careful consideration of the nature of California abstracts of judgment and the relatively little weight given to such abstracts by the California courts, this court "conclude[d] therefore that the district court erred in relying exclusively on the abstract of judgment to determine whether the conviction under § 11352 was a 'drug trafficking offense' in [that] case." 405 F.3d at 359. The difference between *Gutierrez* and this case is that here the

abstract of judgment lists the conviction as "CNT. 2, HS 11351."[1] The statute the *Gutierrez* defendant was indicted under, § 11352, encompasses a range of conduct, some of which would qualify as "drug trafficking" and other which would not. In contrast, *any* conviction under § 11351 would constitute "drug trafficking."

The abstract of judgment submitted by the Government indicates that Espinoza was convicted of count two, a violation of § 11351, but then contrarily describes the crime as the "sale/transportation of a controlled substance," using the language of count one and making the nature of Espinoza's conviction ambiguous. The elements of transportation of drugs for personal use or an offer to transport contained in § 11352(a) do not fall within the definition of drug-trafficking activity as defined by § 2L1.2. *See Garza-Lopez*, 410 F.3d at 274. Thus, even reading the complaint in conjunction with the abstract, the documents do not unequivocally establish that Espinoza's prior conviction was for a drug-trafficking offense as defined in § 2L1.2.

In *Gutierrez-Ramirez* we discussed the Ninth Circuit's decision in *United States v. Navidad-Marcos*, which in turn analyzed the California state courts' approach to judgment abstracts. *See Gutierrez-Ramirez*, 405 F.3d at 357; *Navidad-Marcos*, 367 F.3d 903, 909 (9th Cir. 2004). The Ninth Circuit noted that under California law, an abstract of judgment is a clerical, not a judicial, document. The Ninth Circuit vacated the sentence appealed, holding the district court erred in looking to the abstract of judgment alone to determine whether the enhancement was proper. *Id*. at 909. *Navidad-Marcos* is instructive in a close case such as this, where upholding the sentencing on appeal would require ignoring the ambiguity presented by the abstract. The fact that "CNT. 2, HS § 11351" are both simply sequential digits off from count one and § 11352,

___

[1] In relevant part, the abstract states: "Defendant was convicted of the commission of the following felony: CNT. 2, HS 11351, SALE/TRANSPORTATION OF A CONTROLLED SUBSTANCE."

coupled with fact that the accompanying brief description could refer to either statute, makes it ambiguous whether the prior conviction is one that would qualify as drug trafficking. Like in *Navidad-Marcos*, here the abstract of judgment, even taken together with the complaint, do not "'unequivocally establish' that the defendant actually sold illegal drugs." *See Gutierrez-Ramirez*, 405 F.3d at 357 (quoting *Navidad-Marcos*, 367 F.3d at 907). The burden is on the government to establish the fact of the prior conviction, and on this record it has not done so.

The Government has not carried its burden of establishing the factual predicate necessary to justify the adjustment of Espinoza's offense level. *United States v. Rabanal*, 508 F.3d 741, 743 (5th Cir. 2008). The Government cannot show that the error was harmless because in the absence of the 16-level adjustment, Espinoza's sentencing guideline range would have been reduced to a range between 18-37 months. § 2L1.2(b)(1)(C)-(D). The district court imposed a sentence of seventy months, which was the bottom of the sentencing guidelines range. There was no indication by the district court that it would have imposed the same sentence without the 16-level adjustment. Thus, the error was not harmless. *See Lopez-Urbina*, 434 F.3d at 765.

The sentence is vacated, and the case is remanded to the district court for resentencing. On remand, the Government should be permitted to supplement the record with additional documents to support the sentence it urges.

VACATED AND REMANDED FOR RESENTENCING.