**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 24, 2012

No. 11-20137
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JULIO CESAR GUTIERREZ-JARAMILLO, also known as Flaco,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:92-CR-270-3

Before WIENER, GARZA,  and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Julio Cesar Gutierrez-Jaramillo (Gutierrez) pleaded guilty to importation of more than five kilograms of cocaine.  His conviction arose out of an undercover investigation by agents of the Drug Enforcement Administration (DEA), who met with Gutierrez and others to arrange the transportation of 500 kilograms of cocaine from Guatemala to the United States. Gutierrez appeals the 210-month sentence imposed and contends that counsel rendered ineffective assistance at sentencing.  We review a sentence for

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

procedural error and then for substantive reasonableness under an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007); *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Gutierrez first argues that the district court failed to give him credit for the 16 years that he spent in prison in Peru, or, alternatively, the more than seven years that he was held in the Peruvian prison despite being paroled in 2002 because the United States delayed his extradition. As a threshold matter, we do not consider any of the documents that Gutierrez has provided in his record excerpts that were not before the district court. *See United States v. Flores*, 887 F.2d 543, 546 (5th Cir. 1989). With respect to his legal argument that he was entitled to credit, Gutierrez relies on U.S.S.G. § 5G1.3(b). That reliance is misplaced because the Peruvian sentence was not undischarged, nor did it increase the offense level for Gutierrez's current sentence. *See* § 5G1.3(b); *United States v. Hornsby*, 88 F.3d 336, 339 (5th Cir. 1996) (addressing prior similar version of § 5G1.3(b)). Gutierrez alternatively relies on § 5G1.3(c), which is also inapplicable as it likewise applies to undischarged terms of imprisonment.

Further, the district court did grant a downward departure of 82 months below the guidelines range of 292 to 365 months based, in part, on Gutierrez's arguments regarding his Peruvian sentence. Gutierrez does not expressly contend that the extent of that departure was an abuse of discretion, but, in any case, we see no such abuse in light of the court's careful consideration of the parties' arguments and the appropriate factors under 18 U.S.C. § 3553(a).

Gutierrez next challenges the application of § 2D1.1(b)(2)(A), which provides for a two-level enhancement when, inter alia, "an aircraft other than a regularly scheduled commercial air carrier was used to import or export [a] controlled substance." According to Gutierrez, there is no evidence that he knew or should have known of the type of aircraft used to import the cocaine from Guatemala into the United States. Although Gutierrez objected to the enhancement in the district court, he did so on different grounds. Accordingly,

we review this issue for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009); *United States v. Cabral-Castillo*, 35 F.3d 182, 188-89 (5th Cir. 1994).

Although we have not previously addressed § 2D1.1(b)(2), we need not decide the reach of that Guideline today. The plain language of § 2D1.1(b)(2) contains no express mens rea requirement, which suggests that no scienter is required. *See United States v. Singleton*, 946 F.2d 23, 24-25 (5th Cir. 1991). At least one other circuit has applied the enhancement on similar facts, *see United States v. Iacullo*, 140 F. App'x 94, 96-97, 102 (11th Cir. 2005), while two others have employed a reasonable foreseeability analysis, *see United States v. Bethancourt*, 65 F.3d 1074, 1081 (3d Cir. 1995); *United States v. Diaz*, No. 91-10095, 1993 WL 22382, at *3-*4 (9th Cir. Feb. 2, 1993). Given this state of the law, any error cannot have been clear or obvious for purposes of plain error review. *See United States v. Salinas,* 480 F.3d 750, 759 (5th Cir. 2007).

In addition, the evidence showed that Gutierrez and others arranged to transport 500 kilograms of cocaine by air from Guatemala to the United States using a clandestine airstrip in the United States; landing coordinates and radio frequencies were provided to the pilot for his arrival in Guatemala; Gutierrez was to take charge of the cocaine on its arrival and arrange for its transportation to New York; and Gutierrez admitted that the factual basis was true and that he was present for conversations regarding the shipment. Thus, even if knowledge or reasonable foreseeability is required, which we do not hold, the evidence supports such a finding, particularly on plain error review.

Gutierrez next challenges the three-level enhancement for his status as a manager or supervisor under § 3B1.1(b), asserting that his role was limited to transportation of the drugs in the United States and he had no decision making authority or control. We review the district court's determination under the clearly erroneous standard. *See United States v. Rose*, 449 F.3d 627, 633 (5th Cir. 2006). According to the factual basis and the presentence report (PSR),

Gutierrez attended meetings and took part in at least one telephone conversation to discuss the importation of 500 kilograms of cocaine by airplane from Guatemala.  The PSR also stated that a co-conspirator told agents that Gutierrez was to oversee the distribution of the cocaine and collection of money, and that Gutierrez went to Houston to make arrangements to distribute the cocaine when it arrived.  After the drugs were seized, Gutierrez began working with the undercover agents and a coconspirator to recoup the loss, negotiating delivery of a 2,000-pound load of marijuana that Gutierrez planned to sell to customers in New York from his prior days of distributing drugs there.  The finding that he was a manager or supervisor is plausible in light of the record as a whole; thus, there was no clear error. *See United States v. Palomo*, 998 F.2d 253, 257-58 (5th Cir. 1993).

Finally, Gutierrez argues that his trial counsel rendered ineffective assistance by failing to obtain and present documentation that would have supported his claim for credit for the time he spent in a Peruvian prison.  Claims of ineffective assistance of counsel usually "cannot be resolved on direct appeal when [they have] not been raised before the district court since no opportunity existed to develop the record on the merits of the allegations." *United States v. Cantwell*, 470 F.3d 1087, 1091 (5th Cir. 2006) (internal quotation marks and citation omitted).  There has been no development of the record regarding what investigation Gutierrez's trial counsel undertook regarding the Peruvian sentence or what strategic reasons he may have had, nor has there been any record developed regarding the effect the additional documentation might have had, which counsels against addressing this claim on direct appeal. *See Massaro v. United States*, 538 U.S. 500, 504-06 (2003).  We, therefore, decline to reach Gutierrez's ineffective assistance claim, without prejudice to his right to raise it in a motion pursuant to 28 U.S.C. § 2255. *See United States v. Bounds*, 943 F.2d 541, 544 (5th Cir. 1991).

AFFIRMED.