# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
September 8, 2014

Lyle W. Cayce
Clerk

No. 13-41138
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

OSCAR ALEXIS FOLGAR-MAJANO,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:13-CR-463-1

Before SMITH, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Oscar Folgar-Majano pleaded guilty to, and was convicted of, being found illegally in the United States following deportation, in violation of 8 U.S.C. § 1326(a) and (b)(1). He challenges his sentence, asserting the district court erred by applying a 16-level enhancement, pursuant to Sentencing Guideline § 2L1.2(b)(1)(A)(i), for his having incurred a conviction for a drug-trafficking offense: his 2010 California cocaine-base conviction under California Health

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 13-41138

and Safety Code § 11352(a) (transportation, sale, giving away, etc., of designated controlled substances).

Folgar claims the information in his California case did not narrow the offense of conviction to one falling within the definition of a drug-trafficking offense because, although it charged him with selling and offering to sell cocaine base, the charging clause also included an allegation he imported, sold, furnished, administered, and gave away cocaine base and offered to commit these same acts. He further maintains the district court erred by relying on a paragraph of the information citing California Penal Code § 1203.073(b)(7) (denying probation to persons convicted of selling or offering to sell cocaine base).

Although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still calculate properly the Guidelines-sentencing range for use in deciding on the sentence to impose. *Gall v. United States,* 552 U.S. 38, 51 (2007). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). When this court interprets terms found in the Guidelines, "the relevant Commentary in the Guidelines Manual is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that [G]uideline". *United States v. Diaz-Corado*, 648 F.3d 290, 292 (5th Cir. 2011) (citation and internal quotation marks omitted).

In district court, Folgar objected to the enhancement on the same grounds he raises here; therefore, his objections were sufficient to preserve the issue for review. We review the district court's application of the Guidelines

2

enhancement *de novo*, and, if we find error, determine whether the error was harmless. *E.g.*, *United States v. Espinoza-Acuna*, 328 F. App'x 918, 919 (5th Cir. 2009).

Guideline § 2L1.2 provides for a 16-level increase in the base-offense level for a defendant convicted of illegal reentry if the defendant has been convicted previously of "a felony that is . . . a drug trafficking offense for which the sentence imposed exceeded 13 months". U.S.S.G. § 2L1.2(b)(1)(A)(i). The commentary to § 2L1.2 defines "drug trafficking offense" as "an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of, or offer to sell a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense". U.S.S.G. § 2L1.2, cmt. n.1(B)(iv).

We analyze whether a past conviction is a drug-trafficking offense under the Guidelines by applying a categorical approach, which examines "the elements of the statute of conviction rather than a defendant's specific conduct". *United States v. Rodriguez*, 711 F.3d 541, 549 (5th Cir.) (en banc), *cert. denied*, 134 S. Ct. 512 (2013). If the statute of conviction is divisible, however, we may consult allegations in a charging instrument to which a defendant pleaded guilty. *Id.* at 549 n.8 (providing charging document, terms of plea agreement, and transcript of recitation of factual basis as examples). When, as here, a statute includes conduct that both does and does not constitute a drug-trafficking offense, we may look to those documents "only for the limited purpose of ascertaining which of the disjunctive elements the charged conduct implicated". *United States v. Miranda-Ortegon*, 670 F.3d 661, 663 (5th Cir. 2012); *see also United States v. Gutierrez-Ramirez*, 405 F.3d 352, 356–59 (5th Cir. 2005).

No. 13-41138

Folgar asserts, and the Government concedes, that § 11352(a) is disjunctive and that the statute is broader than the definition of a drug-trafficking offense. In other words, § 11352(a) may be violated in ways that do not fall within that definition and therefore do not merit the enhancement. The abstract of the judgment of conviction states that Folgar was convicted of "TRANSPORT/SELL NARC CNTL SUBST" in violation of § 11352(a). The abstract also states Folgar was convicted of count one of the criminal information. The information provides:

> [Folgar] did . . . commit the crime of SALE AND OFFER TO SELL A CONTROLLED SUBSTANCE, to wit: Violating Section 11352(a) of the Health and Safety Code, a Felony, in that said defendant did willfully and unlawfully import into the State of California, sell, furnish, administer, give away, and offer to import into the State of California, sell, furnish, administer, give away a controlled substance, to wit: COCAINE BASE SCHEDULE I.

Selling and offering to sell are offenses falling within the definition of a drug-trafficking offense, and they are two specific ways of violating § 11352(a). *See* U.S.S.G. § 2L1.2, cmt. n.1(B)(iv). Although a California information generally states the name of the crime before the specific act violating the statute, such order is merely the suggested format. *See* Cal. Penal Code § 951 (indictment or information; form). We construe the information as alleging Folgar violated § 11352(a) by selling and offering to sell cocaine base. Because selling and offering to sell fall within the definition of a drug-trafficking offense, the district court did not err by imposing the 16-level adjustment. (Because we find no error based on our analysis of the language of count one under §11352, we need not decide whether the district court erred by relying on the portion of the information referencing § 1203.073(b)(7).)

AFFIRMED.