# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 2, 2026

Lyle W. Cayce
Clerk

————————

No. 25-50033

————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Luis Francisco Corona-Montano,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:24-CR-1170-1

———————————————————————

Before Clement, Douglas, and Ramirez, *Circuit Judges*.

Per Curiam:

Appellant Luis Franciso Corona-Montano was sentenced to 71 months of imprisonment for conspiracy to transport aliens and transporting aliens, including a sentencing enhancement for transporting an unaccompanied minor. Corona-Montano urges our court to find that the district court erred in applying the sentencing enhancement because he did not knowingly transport an unaccompanied minor. Holding that the Sentencing Guidelines do not impose a scienter requirement for the transportation of a minor, we hereby AFFIRM the district court's order imposing Corona-Montano's sentence.

No. 25-50033

I

In June of 2025, Appellant Luis Francisco Corona-Montano was indicted for conspiracy to transport aliens under 8 U.S.C. § 1324(a)(1)(A)(v)(I), (A)(ii), and (B)(i) (Count One) and transporting aliens under 8 U.S.C. § 1324(a)(1)(A)(ii) and (B)(ii) (Count Two). Corona-Montano pleaded guilty to both counts without a plea agreement. Officers arrested Corona-Montano after witnessing a group of suspected undocumented persons emerge from the desert brush along a road in Fort Hancock, Texas, and enter his vehicle. During their pursuit of Corona-Montano's vehicle, the officers observed two passengers exit the vehicle as it was still moving and roll to the ground, including a female undocumented immigrant who was later discovered to be an unaccompanied minor.

Because one of the undocumented immigrants Corona-Montano transported was an unaccompanied minor, the presentence report ("PSR") included a four-level enhancement pursuant to U.S.S.G. § 2L1.1(b)(4). Section 2L1.1(b)(4) mandates a four-level enhancement if the charged offense "involved the smuggling, transporting, or harboring of a minor who was unaccompanied by the minor's parent, adult relative, or legal guardian." *Id.* Arguing that he had no knowledge that the female passenger was a minor, Corona-Montano contested the imposition of the enhancement. Section 2L1.1(b)(4) is silent on the issue of intent. *See id.*

Finding that the Guidelines hold a defendant "strictly liable" for the transportation of an unaccompanied minor, the district court imposed the § 2L1.1(b)(4) enhancement. During the sentencing hearing, Corona-Montano argued that the enhancement should not be applied because he did not know that the passenger was a minor. The district court asked Corona-Montano's counsel if § 2L1.1(b)(4) imposes a scienter requirement, and counsel responded that he believed that it does. The court commented that

2

No. 25-50033

it understood it was a matter of "strict liability," then noted that the text of the guideline was silent regarding the defendant's knowledge. Counsel then "suggest[ed] . . . that, under general principles of law, that whenever there's an allegation of some misconduct, [the prosecution] ha[s] to show a mens rea requirement minimum." Noting that such an argument has merit at the guilt-innocent phase of trial but not at sentencing, the district court overruled Corona-Montano's objection.

Corona-Montano was sentenced to 71 months of imprisonment followed by three years of supervised release. Corona-Montano timely appealed.

## II

Before proceeding to the merits, we pause to outline the standard of review. Because Corona-Montano preserved error by raising the same argument before the district court, our court reviews de novo the district court's interpretation of the Sentencing Guidelines and reviews its findings of fact for clear error. *United States v. Wesley*, 123 F.4th 423, 426 (5th Cir. 2024); *United States v. Williams*, 610 F.3d 271, 292 (5th Cir. 2010).

## III

The sole issue on appeal concerns whether the district court erred in finding that the sentencing enhancement did not include a scienter requirement.[1] For the reasons articulated below, the district court did not err in holding that § 2L1.1(b)(4) is a strict liability enhancement.

We analyze the Sentencing Guidelines using standard statutory construction rules. *United States v. Rabanal*, 508 F.3d 741, 743 (5th Cir.

---

[1] Corona-Montano does not contest that one of the undocumented immigrants he transported was an unaccompanied minor as defined in § 2L1.1(b)(4).

2007). "When the language of the guideline is unambiguous, the plain meaning of that language is controlling unless it creates an absurd result." *United States v. Serfass*, 684 F.3d 548, 551 (5th Cir. 2012). Further, this court has observed that "[t]he [G]uidelines drafters have been explicit when they wished to import a mens rea requirement." *United States v. Singleton*, 946 F.2d 23, 25 (5th Cir. 1991). Here, the guideline is unambiguous; thus, the plain meaning controls.

Section 2L1.1(b)(4) reads, "[i]f the offense involved the smuggling, transporting, or harboring of a minor who was unaccompanied by the minor's parent, adult relative, or legal guardian, increase by 4 levels." U.S.S.G. § 2L1.1(b)(4). Our court has held that Guidelines language that is silent on the issue of mens rea is unambiguous. *Singleton*, 946 F.2d at 25. Here, the plain language of the guideline "contains no express mens rea requirement, which suggests that no scienter is required." *United States v. Gutierrez-Jaramillo*, 467 F. App'x 301, 303 (5th Cir. 2012) (unpublished) (observing that that silence as to mens rea suggests absence of a scienter requirement in U.S.S.G. § 2D1.1(b)(2)); *see also Singleton*, 946 F.2d at 24–25. Further, our court has hesitated to read a mens rea requirement into a guideline absent explicit direction to do so. *See, e.g.*, *United States v. Bruteyn*, 686 F.3d 318, 325 (5th Cir. 2012) (holding that sentence enhancement for violation of securities law did not require knowledge that defendant was required to register as a broker or dealer); *Serfass*, 684 F.3d at 553 (holding that sentence enhancement related to possession of imported methamphetamine with intent to distribute did not require knowledge that the methamphetamine had been imported); *Singleton*, 946 F.2d at 25 (holding that sentence enhancement related to unlawful possession of a stolen firearm did not

require knowledge that the firearm was stolen).[2]  The Eleventh Circuit Court of Appeals has likewise found that the plain language of § 2L1.1(b)(4) does not impose a knowledge requirement. *United States v. Ruiz-Hernandez*, 260 F. App'x 188, 189–90 (11th Cir. 2007) (unpublished).

Nor would the plain meaning of the statute lead to an absurd result. First, our court has noted that strict liability sentencing enhancements do not violate due process. *See Serfass*, 684 F.3d at 553 (citing *Singleton*, 946 F.2d at 26); *cf. Staples v. United States*, 511 U.S. 600, 606 (1994) (observing that criminal "offenses that require no *mens rea* generally are disfavored").  In holding that the guideline at issue in *Singleton* did not impose a scienter requirement, our court noted that "Singleton was not convicted of a strict liability *crime* but instead was subject to a strict liability *sentencing enhancement*." *Singleton*, 946 F.2d at 26; *see United States v. Fry*, 51 F.3d 543, 546 (5th Cir. 1995) (distinguishing cases concerning strict liability crimes from those related to strict liability sentencing enhancements).  Second, finding strict liability in the enhancement is consistent with the purpose underlying it: protection of smuggled minors due to an increase in the smuggling of unaccompanied minors and the dangers associated with smuggling.  *See* U.S.S.G. App. C, amend. 802 (Nov. 2016) (noting "that an individual defendant is likely to be aware of the risk that unaccompanied minors are being smuggled as part of the offense").  In other contexts, our court has recognized the deterrent effect in sentencing a defendant for the

---

[2] Corona-Montano attempts to turn interpretation of the sentencing enhancement at issue in *Singleton* on its head by pointing to the application note that clarifies the enhancement "applies *regardless of whether the defendant knew or had reason to believe* that the firearm was stolen." U.S.S.G. § 2K2.1 comment. (n.8) (emphasis added). This argument is inapposite. The application note was issued after *Singleton* was published; thus, the *Singleton* court relied on the guideline's plain language, not the application note discussing mens rea. The subsequent inclusion of the note clarifying the scienter does not foreclose our conclusions here.

drug he actually possessed rather than the drug he thought he possessed. *Serfass*, 684 F.3d at 552 (stating that "'exposing a drug trafficker to liability for the full consequences, both expected and unexpected, of his own unlawful behavior'" does not violate due process) (quoting *United States v. Valencia-Gonzales*, 172 F.3d 344, 346 (5th Cir. 1999)). Thus, applying the plain meaning of the enhancement does not lead to an absurd result.

Further, a neighboring special offense characteristic, which contains an express mens rea requirement, buttresses our conclusion that the drafters did not intend to impose a mens rea requirement in § 2L1.1(b)(4). The neighboring provision, § 2L1.1(b)(6), states that the offense level shall be increased "[i]f the offense involved *intentionally* or *recklessly* creating a substantial risk of death or serious bodily injury to another person." U.S.S.G. § 2L1.1(b)(6) (emphasis added). Thus, "[t]he inclusion of a knowledge requirement in one portion of the guideline confirms that its omission from another portion of the same guideline was intentional." *Serfass*, 684 F.3d at 552 (citing *Leatherman v. Tarrant Cnty. Narcotics Intel. and Coordination Unit*, 507 U.S. 163, 168 (1993)).

Our court took a similar approach in determining whether another enhancement in § 2L1.1 requires scienter. *See United States v. Garcia-Guerrero*, 313 F.3d 892, 898 (5th Cir. 2002). There, our court held that because the neighboring enhancement (which is now codified at § 2L1.1(b)(6)) explicitly included a mens rea requirement, silence as to mens rea in the enhancement at issue there (which is now codified at § 2L1.1(b)(7)) indicates that the guideline does not require intent.[3] *Id.* (citing *United States v. Herrera-Rojas*, 243 F.3d 1139, 1144 (9th Cir. 2001)). Applying the same

---

[3] The subsections of § 2L1.1(b) have been rearranged since the *Garcia-Guerrero* decision was published.

analysis here, because § 2L1.1(b)(6) explicitly includes a mens rea requirement and § 2L1.1(b)(4) does not, the transportation-of-a-minor enhancement does not require knowledge.

While this is our first time addressing this issue in a published decision, our court has twice found in unpublished decisions that § 2L1.1(b)(4) does not include a knowledge requirement. *United States v. Flores-Avila*, 783 F. App'x 440 (5th Cir. 2019) (unpublished); *United States v. Cordova-Briseno*, No. 21-51063, 2022 WL 5422400 (5th Cir. Oct. 7, 2022) (unpublished). Corona-Montano contends that these cases "ha[ve] no precedential value" because they are unpublished; to the contrary, these decisions are "highly persuasive" because they "explicitly rejected the identical argument that [the appellant] advances," *United States v. Pino Gonzalez*, 636 F.3d 157, 160 (5th Cir. 2011).[4] Faced with the same question on appeal as we are here, our court in *Flores-Avila* rejected the appellant's claim that "the district court improperly applied a 'strict liability' standard." 783 F. App'x at 440–41. Likewise, in *Cordova-Briseno*, our court held that Section 2L1.1(b)(4) "applies . . . without consideration of [the defendant's] knowledge." 2022 WL 5422400, at *1. While Corona-Montano argues that the applicability of these decisions to the present case is further undermined because there our court reviewed the district court's interpretation of the guideline for clear error, rather than de novo as we do here, our court clearly held that the enhancement did not impute a knowledge requirement, *Flores-Avila* 783 F. App'x at 440; *Cordova-Briseno*, 2022 WL 5422400, at *1. There is no indication that the clear error standard manipulated the outcome. Even

_____

[4] Unpublished opinions issued on or after January 1, 1996, are not binding precedent, but they may be persuasive authority. *Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006) (citing 5th Cᴉʀ. R. 47.5.4).

if it had, our reasoning above independently supports our conclusion that § 2L1.1(b)(4) is a strict liability enhancement.

Finally, Corona-Montano's argument that the district court failed to engage in a foreseeability analysis is unavailing. As our court has explained, the foreseeability of a minor's presence is only relevant when it applies to the conspiracy charge. *Flores-Avila*, 783 F. App'x at 440. Unlike the guideline accompanying the conspiracy offense in Count One, which expressly mentions a foreseeability requirement, the enhancement at issue here makes no mention of foreseeability. *Contrast* U.S.S.G. § 1B1.3(a)(1)(B)(iii) *with id.* § 2L1.1(b)(4). Further, the guideline accompanying Count One involves the "acts and omissions *of others*." *Id.* § 1B1.3(a)(1)(B) (emphasis added); *Flores-Avila*, 783 F. App'x at 440 ((holding that "no such [foreseeability] standard applies to acts committed by the defendant"). Here, Corona-Montano is sentenced under Count Two for *his own acts*; it is not alleged that the unaccompanied minor was illegally transported by another person involved in the conspiracy such that Corona-Montano's foreseeability of an unaccompanied minor's involvement would be relevant. We, therefore, reject Corona-Montano's argument.

## IV

For the foregoing reasons, the district court did not err in finding that § 2L1.1(b)(4) is a strict liability sentencing enhancement. We hereby AFFIRM the district court's decision.